IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-0109 |
| | : | |
| **CHESTER COUNTY PUBLIC** | : | |
| **DEFENDERS OFFICE,** *et al.*, | : | |
| *Defendants* | : | |

| | | |
|---|---|---|
| **AVERY MIGUEL PERRY, SR.,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-CV-0139 |
| | : | |
| **ZACHARY YURICH,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                       JANUARY 23, 2023

Currently, before the Court are two Complaints filed by Plaintiff Avery Miguel Perry, Sr., a regular litigant in this Court. Perry seeks to proceed *in forma pauperis* in both cases. For the reasons set forth, the Court will grant Perry leave to proceed *in forma pauperis*, dismiss his Complaints, and direct him to show cause as to why the Court should not impose a limited pre-filing injunction upon him.

I.     **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

*A.  Perry's Litigation History*

In less than a year, Perry has filed fourteen lawsuits in this Court, including the pending two cases that are the subject of this Memorandum. Perry's first civil action was in the style of an email and was ultimately dismissed, without prejudice, due to Perry's failure to file a proper complaint, provide an address for service, or either pay the filing fees or move to proceed *in forma pauperis*. *In re: Perry*, Civ. A. No. 22-439 (E.D. Pa.). Perry has proceeded *in forma pauperis* in all of his remaining cases, of which only one was not fully dismissed on statutory screening. With the exception of that one case in which Perry challenged conditions of his confinement while incarcerated and alleged a basis for proceeding past statutory screening on an excessive force claim, *see, Perry v. Meir*, No. 22-1699, 2022 WL 1913246, at *4 (E.D. Pa. June 3, 2022) (directing "service of Perry's Amended Complaint to allow him to proceed solely on his excessive force claim against Meir, in his individual capacity"), Perry's remaining cases were dismissed outright.

Those remaining cases asserted numerous civil rights claims. To the extent any general theme can be discerned, Perry mostly asserted claims against government entities, state judges, and attorneys involved in various court proceedings in which Perry was a defendant, although not all of his lawsuits can be categorized in this way.[2] In the first of these lawsuits, Perry sued the mother of his minor child, her mother, and the Montgomery County District Attorney's Office

---

[1]     The facts underlying Perry's litigation criminal histories are taken from publicly available court records, of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The factual allegations underlying Perry's pending lawsuits are taken from his Complaints.
[2] In some of his lawsuits, Perry attempted to raise claims on behalf of other family members, including his minor son. Any such claims were dismissed without prejudice for lack of standing because, as a non-attorney proceeding on his own behalf, Perry can only assert his own claims. *Perry v. Paolillo*, No. 22-1872, 2022 WL 2209288, at *3 (E.D. Pa. June 21, 2022) ("[T]he Court must dismiss any claims Perry brings on behalf of his son without prejudice for lack of standing."); *Perry v. Sommer*, No. 23-0073, 2023 WL 144434, at *1 (E.D. Pa. Jan. 10, 2023) ("To the extent Perry raises claims on behalf of anyone other than himself, those claims are dismissed for lack of standing.").

based on allegations that he was falsely arrested and convicted in a criminal proceeding in Montgomery County, *Commonwealth v. Perry*, CP-46-CR-0002259-2016 (C.P. Montgomery), and later lost custody of his son. *Paolillo*, No. 22-1872, 2022 WL 2209288, at **1-2. After granting Perry leave to proceed *in forma pauperis*, the Court dismissed Perry's Complaint because (1) the mother of his child and her mother were not state actors subject to liability under 42 U.S.C. § 1983, (2) the Montgomery County District Attorney's Office was not an entity subject to liability under § 1983 and Perry failed to allege that a policy or custom of the office caused the violation of his rights, and (3) for lack of diversity jurisdiction over Perry's remaining state law claims. *Id.* Perry was also informed that neither the Universal Declaration of Human Rights nor federal criminal statutes give rise to a cause of action, *id.* at *2 n.4, that the prosecution or imprisonment of another is not available relief, *id.* at *2 n.5, that the couple who either adopted or obtained custody of his son were also private actors who are not subject to liability under § 1983, *id.* at *3 n.6, and that "'to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[,]'" *id.* at *4 n.7 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (alterations in original)).

Perry filed his next lawsuit against Anna Frederick of the Chester County Public Defender's Office based on allegations that Frederick, who was appointed to represent Perry in a criminal proceeding in Chester County, *Commonwealth v. Perry*, No. CP-15-CR00003666-2020 (C.P. Chester), induced him to plead guilty and that her representation was otherwise deficient.

*Perry v. Frederick*, No. 22-1973, 2022 WL 1810713, at *1 (E.D. Pa. June 2, 2022). After granting Perry leave to proceed *in forma pauperis*, the Court dismissed Perry's claims because neither his public defender nor the office for which she worked (to the extent that office was being sued) were state actors subject to liability under § 1983. *Id.* at *1 n.2 & *2. The Court also dismissed Perry's state law claims for lack of diversity jurisdiction. *Id.* at *3. Perry was again informed that the federal criminal statutes he cited did not give rise to a civil cause of action, *id.* at *1 n.3, and that "to the extent [he sought] to challenge his state conviction in federal court, his only avenue for doing so is a *habeas* petition filed pursuant to 28 U.S.C. § 2254 after exhausting state remedies," *id.* at 2.

Perry's next lawsuit brought claims against an attorney who was appointed to represent Perry in the custody proceeding in Montgomery County that was in part the subject of the prior lawsuit in which Perry sued the mother of his child. *Perry v. McIntosh*, No. 22-2206, 2022 WL 2073823, at *1 (E.D. Pa. June 8, 2022). After granting Perry leave to proceed *in forma pauperis*, the Court construed the complaint as raising state law claims and dismissed those claims for lack of diversity jurisdiction. *Id.* at *2.

Around the same time, Perry filed a lawsuit raising state tort claims against an individual whom Perry alleged defrauded his family into vacating the family home. *Perry v. Stackhouse*, No. 22-2208, 2022 WL 2067955, at *1 (E.D. Pa. June 8, 2022). Again, the Court granted Perry leave to proceed *in forma pauperis* and dismissed his lawsuit for lack of diversity jurisdiction. *Id.* at *2.

Perry filed his next lawsuit against the 38th Judicial District, raising claims pursuant to § 1983 and the Americans with Disabilities Act ("ADA") based on allegations that the mother of his child caused him to be falsely charged with crimes in the 38th District, which covers Montgomery

4

County, in 2015 and 2016.³ *Perry v. 38th Jud. Dist.*, No. 22-2704, 2022 WL 2805332, at *1 (E.D. Pa. July 18, 2022). He further alleged that while he was incarcerated, the mother of his child caused him to lose custody of his son with the support of the state court. *Id.* at *2. After granting Perry leave to proceed *in forma pauperis*, the Court dismissed Perry's § 1983 claims because the 38th District is not subject to liability under § 1983 and because Perry's claims challenging his "prosecution, conviction and related imprisonment [were] not cognizable in a civil rights action," and dismissed Perry's ADA claims because they were untimely and implausible. *Id.* at **3-5. In dismissing the complaint, the Court observed that Perry appeared to recount allegations that were the basis of his previously filed, dismissed lawsuits, *id.* at *2 n.6, and again informed Perry that the federal criminal statutes he cited do not provide a basis for a civil claim, *id.* at *2 n.7.

Perry then filed a lawsuit against the state judge who presided over the domestic relations proceeding in Montgomery County in which Perry lost custody of his son. *Perry v. Silow*, No. 22-2962, 2022 WL 3099765, at *1 (E.D. Pa. Aug. 4, 2022). After granting Perry leave to proceed *in forma pauperis*, the Court dismissed Perry's § 1983 claims based on the doctrine of absolute judicial immunity, *id.* at *2, and dismissed any ADA claims as implausible and time-barred, *id.* at *2 n.4. In its Memorandum, which issued on August 4, 2022, the Court provided its first warning to Perry by placing him "on notice that if he continues to file meritless lawsuits in this Court based on the same subject matter, he may be subjected to an injunction that limits his ability to file cases in the future." *Id.* at *2 (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a

---

³ *See Commonwealth v. Perry*, CP-46-CR-0006257-2015 (C.P. Montgomery); *Commonwealth v. Perry*, CP-46-CR-0006122-2015 (C.P. Montgomery), *Commonwealth v. Perry*, CP-46-CR-0002259-2016 (C.P. Montgomery).

litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.")).

On October 6, 2022, Perry returned with his next lawsuit, which raised claims pursuant to § 1983 and the ADA against police officers and paramedics who were involved in a traffic stop of Perry in the late hours of October 4 or early hours of October 5, 2022.[4] *Perry v. Faddis*, No. 22-4012, 2022 WL 17340472, at *1 (E.D. Pa. Nov. 30, 2022). The Court granted Perry leave to proceed *in forma pauperis* and dismissed his complaint because he failed to state a plausible § 1983 or ADA claim. *Id.* at **4-7. Although the Court gave Perry leave to file an amended complaint, Perry returned with an essentially identical pleading, which was dismissed for the same reasons that his initial complaint was dismissed. *Perry v. Faddis*, No. 22-4012, 2023 WL 144432, at *1 (E.D. Pa. Jan. 10, 2023).

In the meantime, Perry filed a new case in which he raised claims against the "Chester County Detectives Office" and a retired detective for allegedly failing to adequately investigate complaints and pursue criminal charges against third parties who allegedly harmed Perry. *Perry v. O'Donnell*, No. 22-4599, 2022 WL 17177640, at *1 (E.D. Pa. Nov. 22, 2022). After granting Perry leave to proceed *in forma pauperis*, the Court dismissed Perry's § 1983 claims because "there is no private right to a criminal investigation of or the initiation of criminal charges against a third party." *Id.* at *2 (footnote omitted). The Court further concluded that Perry failed to allege any other basis for a claim. *Id.* at 2 n.2 & *3.

Perry also filed a lawsuit against Assistant District Attorney Zachary Yurich, a prosecutor who allegedly falsely prosecuted him in Chester County in February 2021. *Perry v. Yurich*, No.

---

[4]   Perry was charged in Traffic Court with two summary offenses in connection with the traffic stop, namely: (1) driving while his operating privilege was suspended or revoked; and (2) operating a vehicle following suspension of registration. *See Commonwealth v. Perry*, MJ-38120-TR-0002007-2022 & MJ-38120-TR-0002008-2002. He was found guilty of both offenses after a summary trial. *Id.*

23-0044, 2023 WL 144433, at *1 (E.D. Pa. Jan. 10, 2023). After granting Perry leave to proceed *in forma pauperis*, the Court dismissed Perry's damages claims as barred by absolute prosecutorial immunity and dismissed his claims for equitable relief as improper. *Id.* at *1 n.2 & *2.

In Perry's next lawsuit, his twelfth, he sued the Honorable Jeffery R. Sommer, a state judge who presided over a hearing in Perry's criminal case in Chester County concerning whether Perry violated his probation, *Commonwealth v. Perry*, CP-15-CR-0003666-2020 (C.P. Chester). *Sommer*, 2023 WL 144434, at *1. Perry alleged that Judge Sommer violated his rights by failing to consider a motion to terminate probation that Perry filed at the hearing, which took place on the same day he filed his federal complaint. *Id.* at *1. After granting Perry leave to proceed *in forma pauperis*, the Court dismissed Perry's claims as barred by the doctrine of absolute judicial immunity. *Id.* at *2. In light of the volume and pace of Perry's meritless filings, the Court reiterated its prior warning and placed Perry "'on notice that if he continues to file meritless lawsuits in this Court based on the same subject matter, he may be subjected to an injunction that limits his ability to file cases in the future.'" *Id.* (quoting *Silow*, 2022 WL 3099765, at *2). The Court documents dismissing Perry's case and containing that warning were entered on the docket and served on Perry via email on January 10, 2023. *Perry v. Sommer*, Civ. A. No. 23-73 (E.D. Pa.) (ECF Nos. 4 & 5).

**B. *Perry's Pending Complaints***

At approximately the same time the Court issued its second warning to Perry about his filing activity, Perry filed two new civil actions, which are discussed in further detail below. Both cases arise from Perry's prosecution for and conviction of simple assault in the Chester County Court of Common Pleas, *Commonwealth v. Perry*, CP-15-CR-0003666-2020 (C.P. Chester),

7

which was also the subject of three of Perry's prior lawsuits.[5]  The public docket for the relevant criminal proceeding reflects that Perry pled guilty to simple assault on February 10, 2021, and was sentenced to a period of confinement to be followed by one year of probation.  *Id.*  Perry was immediately paroled, and a DNA sample was ordered.  *Id.*  The docket reflects that Zachary Yurick[6] is one of the prosecutors assigned to the case and that Anna Frederick was appointed to represent Perry.  *Id.*  The docket also reflects that Perry was charged with violating his probation and that the charge was withdrawn after a hearing.[7]  *Id.*  On January 4, 2023, Frederick filed a petition for post-conviction relief on Perry's behalf, which is currently pending.  *Id.*

### 1. *Allegations in Civil Action Number 23-109*

On January 9, 2023, Perry filed the first of his two pending complaints pursuant to § 1983.  The Complaint was docketed as Civil Action Number 23-109, and raises claims against the Chester County Public Defenders Office, "Chester County Probation," Chester County, and the Commonwealth of Pennsylvania.  Perry alleges that the events giving rise to his claims occurred in February 2021 (the date of his conviction for simple assault) and January 4, 2023 (the date of his violation of probation hearing).  (Civ. A. No. 23-109, Compl. at 3, 8.)[8]  As in his prior cases, Perry alleged that his public defender, Frederick, induced him to plead guilty, and also failed to provide adequate representation in other respects.  (*Id.* at 3, 8-9.)

Perry alleges that he was subjected to false imprisonment and unconstitutional collection of his DNA, and that his constitutional rights were otherwise violated in connection with the

---

[5]   *See Frederick*, 2022 WL 1810713; *Yurich*, 2023 WL 144433; *Sommer*, 2023 WL 144434.

[6]   Perry spells Yurick's name as "Yurich" in his pleadings.  Apart from this reference to the state court docket, the Court will refer to Yurich using the spelling in Perry's pleadings.

[7]   This violation of probation hearing was the basis for Perry's lawsuit against Judge Sommer.

[8]   The Court adopts the pagination supplied to Perry's pleadings by the CM/ECF docketing system.

prosecution that led to his conviction and sentence.[9] (*Id.* at 4, 8.) He seeks damages and asks the Court to vacate his guilty plea and either "quash the matter in its entirety" or "grant him a new trial so that he can have a fair opportunity to defend himself."[10] (*Id.* at 4; *see also id.* at 10-11.)

### 2. *Allegations in Civil Action Number 23-139*

On January 10, 2023, Perry filed the second of his pending complaints pursuant to § 1983. This Complaint was docketed as Civil Action Number 23-139, and again raises claims against Yurich, the Assistant District Attorney who prosecuted Perry in Chester County. Perry alleges that Yurich "wrongfully prosecuted" him on "fabricated charges" and "wrongfully charged" him "despite knowing that [Perry] had not committed any crime." (Civ. A. No. 23-139 Compl. at 3.) Perry alleged that he was "forced to accept a guilty plea" in the case. (*Id.*) He seeks damages and an injunction "[d]ismissing the underlying guilty plea for being prosecuted on fabricated charges." (*Id.* at 4.) This lawsuit was received by the Court following the dismissal of Perry's first case against Yurich and appears to have been filed in response to that dismissal.

## II.  STANDARD OF REVIEW

The Court grants Perry leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence these cases. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss Perry's Complaints if they are frivolous or fail to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it

---

[9] To the extent Perry alleges that the collection of his DNA violates the federal Privacy Act, this claim is dismissed as legally baseless because "the Act does not apply to state or municipal agencies or their employees." *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022).

[10] Perry also seeks a declaration that his rights have been violated, but this is an improper request for declaratory relief. *See Sommer*, 2023 WL 144434, at *1 ("Perry's unspecified request for declaratory relief is improper since his claims are based entirely on an alleged violation of his rights that occurred in the past.") Additionally, to the extent Perry requests relief on behalf of anyone other than himself, he lacks standing to pursue such relief. *See supra* n.2.

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense if the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Perry is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

### A.  *Perry's Complaints Suffer From Several Legal Defects*

Perry brings his Complaints pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show

10

that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). There are numerous reasons why Perry's claims fail. Notably, the legal defects in Perry's claims are the same legal defects noted in several of his prior lawsuits.

Perry's claims in both cases fail because they are not cognizable in a civil rights lawsuit. In both pending cases, Perry seeks damages and vacatur of his conviction for simple assault based on allegations that his rights were violated in various respects in connection with his prosecution and conviction, including claims that he was maliciously prosecuted and induced to plead guilty. As previously explained to Perry in the context of at least two of his prior lawsuits, (*see supra* Section I.A), "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]" *Heck*, 512 U.S. at 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). In other words, "whenever a plaintiff pleads a violation of § 1983 and effectively seeks *habeas* relief, the plaintiff fails to state a § 1983 claim." *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021). Since success on Perry's claims would undermine the validity of his intact conviction and sentence, those claims are not cognizable in a civil rights action and must be dismissed.

Further, as recently explained to Perry when the Court dismissed his first case against Yurich, (*see supra,* Section I.A), prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Again, the entirety of Perry's claims against Yurich are based on Yurich's filing and prosecution of a criminal charge against Perry, which are acts for which Yurich is entitled to absolute prosecutorial immunity.

Also, as previously explained to Perry in the context of certain of his prior lawsuits, (*see supra*, Section I.A), the Eleventh Amendment of the United States Constitution bars lawsuits against a state and its agencies in federal court when the state has not waived that immunity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Notably, the Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Furthermore, states and their agencies are not considered "persons" who may be liable under § 1983. *See Will*, 491 U.S. at 65-66. These principles apply with equal force to "Pennsylvania's judicial districts, including their probation and parole departments." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005)). For these reasons, Perry cannot state a § 1983 claim against the Commonwealth of Pennsylvania or Chester County Probation.

It appears that Perry named Chester County as a defendant based on the mistaken belief that the county is responsible for the events that took place in his Chester County criminal proceeding. Accordingly, the Court will dismiss the claims against Chester County as implausible. *See Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny

County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment."); *Perez v. Borough of Berwick*, 507 F. App'x 186, 190 (3d Cir. 2012) (upholding the district court's finding that the Columbia County Probation and Parole Department was "'not part of Columbia County,' but rather 'an agency of the Commonwealth'" of Pennsylvania and recognizing that the fact "that Pennsylvania probation and parole departments are legally part of the Commonwealth's Unified Judicial District" remained true even where a probation officer testified that she "'work[ed] for Columbia County as a probation/parole officer'" and where the second amended complaint named Columbia County as a defendant and inaccurately alleged that the County "operated the . . . Probation Department"). In any event, Perry has failed to allege that a policy or custom of Chester County caused the violation of his constitutional rights, which is fatal to any claims against the county. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Public defenders such as Frederick do not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District

Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cnty.*)). Perry's claims against the Chester County Public Defender's Office thus fail as well.

Finally, to the extent Perry challenges the collection of a DNA sample from him as part of his criminal sentence, this constitutional challenge is meritless. *See United States v. Mitchell*, 652 F.3d 387, 397 (3d Cir. 2011) ("Collection of DNA samples from convicted felons has been upheld as constitutional by every circuit court to have considered the issue."); *see also Maryland v. King*, 569 U.S. 435, 465 (2013) ("DNA identification of arrestees is a reasonable search that can be considered part of a routine booking procedure.").

For all these reasons, Perry's Complaints are dismissed. Since Perry cannot cure the defects in his claims, he will not be granted leave to amend.

### B. Perry Must Show Cause as to Why He Should Not Be Enjoined

In addition to dismissing the Complaints, the Court will direct Perry to show cause as to why he should not be subject to a pre-filing injunction. "When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, . . . [the court] is entitled to resort to its power of injunction and contempt to protect its process." *Abdul-Akbar*, 901 F.2d at 333. The All Writs Act, 28 U.S.C. § 1651(a), provides a district court with the ability to enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The United States Court of Appeals for the Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against *pro se* litigants." *Brow*, 994 F.2d at 1038. First,

the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038.

As explained above, Perry has filed several meritless cases in this Court, many of which suffer from similar legal defects and are based on the same or similar factual allegations. Perry has continued that filing activity, each time taking advantage of *in forma pauperis* status, despite the Court's warnings that doing so could subject him to a pre-filing injunction. Accordingly, the Court opines that the issuance of an injunction might be necessary to prevent Perry from filing repetitive, baseless lawsuits.

The Court is mindful that any proposed injunction must be narrowly tailored, and that Perry's filing activity is not necessarily neatly categorized. Although there is a sufficient record from which the Court can conclude that Perry has abused the *in forma pauperis* privilege, a prohibition on proceeding *in forma pauperis*, though not without precedent, *Elansari v. Pennsylvania*, No. 21-0141, 2021 WL 288792, at *6 (E.D. Pa. Jan. 28, 2021) ("Because of Elansari's demonstrated pattern of filing frivolous cases in this Court, he will be directed to show cause as to why he should not be subject to a pre-filing injunction prohibiting him from proceeding *in forma pauperis* in future lawsuits, with limited exception."), would be overbroad here. Notably, however, Perry's last five lawsuits all concerned different iterations of his claims based on his February 2021 guilty plea to simple assault and the related criminal proceeding in Chester County,

*Commonwealth v. Perry*, CP-15-CR-0003666-2020 (C.P. Chester).  It would be appropriate, then, to enjoin Perry from filing any new lawsuits about this criminal case, especially since all of Perry's claims have been tied to the alleged invalidity of his conviction and have been raised against defendants who, for various reasons, are not subject to liability in a civil rights action.  Even if Perry's conviction is ultimately invalidated in the future, he still would not be able to pursue claims against the numerous defendants he named in his lawsuits for the reasons discussed above.

Accordingly, Perry is directed to show cause as to why he should not be enjoined from filing any new lawsuits related to his prosecution in Chester County, *Commonwealth v. Perry*, CP-15-CR-0003666-2020 (C.P. Chester), including lawsuits raising claims based on his February 2021 guilty plea, including, but not limited to, lawsuits raising claims against Yurich, Frederick, the Commonwealth of Pennsylvania, Judge Sommer, courts or court divisions in Chester County, Chester County itself, or any municipal offices in Chester County.  *See Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 824 (3d Cir. 2019) (*per curiam*) (affirming imposition of injunction where plaintiff's "series of meritless lawsuits show[ed] an abuse of the court system and an unwillingness to accept adverse judgments that, because it [was] likely to continue, warrant[ed] restrictions on [plaintiff's] litigating opportunities.").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Perry leave to proceed *in forma pauperis*, and dismiss his Complaints in the above civil actions, with prejudice.  Perry is directed to show cause as to why the proposed injunction should not issue.  A separate Order consistent with this memorandum will be separately docketed.

*NITZA I. QUIÑONES ALEJANDRO, J.*